**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| DOMENICO LUPO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06CV00068 MLM |
| | ) |
| JANE DOE, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Domenico Lupo (registration no. 235907), an inmate at Northeast Correctional Center (NECC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.74. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20

percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $103.71, and an average monthly balance of $22.23. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.74, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this suit under 42 U.S.C. § 1983 for alleged deliberate indifference to his medical needs in violation of the Eighth Amendment to the Constitution of the United States. Named as defendants are Jim Moore (Superintendent, NECC), William Rice (Medical Director, Correctional Medical Services), Larry Crawford (Director, Missouri Department of Corrections), Unknown Keiper (Physician, Correctional Medical Services), and several Jane Does (nurses). Plaintiff seeks injunctive and monetary relief.

Plaintiff alleges that on September 11, 2005, he injured himself as he tried to stand up from a sitting position. Plaintiff claims that he heard a popping sound come from his leg and that he

-3-

immediately lost consciousness.  The popping sound was loud enough, says plaintiff, that other inmates heard it as well.  Plaintiff alleges that the injury occurred at about 10:00 a.m.

After plaintiff regained consciousness, he felt severe pain in his leg.  Plaintiff claims that a guard took him to the medical ward in a wheelchair.  The nurses telephoned Dr. Keiper, who diagnosed plaintiff over the telephone as having a torn leg muscle.  Because September 11, 2005, was a Sunday, plaintiff claims, Dr. Keiper was not on the prison grounds.  Plaintiff further claims that Dr. Keiper did not go to the prison that day to examine him.  Plaintiff alleges that Dr. Keiper told the nurses that plaintiff should be assigned to a bottom bunk bed and returned to the housing unit.  Additionally, Dr. Keiper told the nurses to give plaintiff Ibuprofen for his pain.  Because no bottom bunk beds were available, plaintiff remained in the medical ward overnight.

Plaintiff claims that he experienced increased pain throughout the day and into the night.  Plaintiff alleges that the nurses telephoned Dr. Keiper several times during the night and Dr. Keiper prescribed Tylenol #3 and Vistaril, an anti-anxiety drug, for plaintiff.  Plaintiff, who is a diabetic, says that he was unable to take his insulin that day because the pain rendered him unable to eat.

On September 12, 2005, at 9:00 a.m., plaintiff's leg was X-rayed.  The X-ray technician told plaintiff that he had a fractured pelvis and a dislocated hip.  Plaintiff was transported to Columbia

University Hospital where the diagnosis was confirmed. Plaintiff states that the emergency room physician, Dr. Kalaputi, informed plaintiff that the injury would require surgery. Dr. Kalaputi also told plaintiff that because the injury had occurred approximately thirty hours before he arrived at the hospital, perhaps too much time had elapsed for his hip to be completely repaired.

Plaintiff claims that on September 13, 2005, Dr. Kalaputi drilled a pin through his femur to pull the femur from the pelvis socket until after plaintiff's surgery.

According to plaintiff, he was taken to surgery on September 15, 2005. The surgery lasted approximately five hours. After the surgery, plaintiff was given Oxycontin and Percocet to control his pain.

On September 21, 2005, plaintiff was discharged from the hospital and returned to NECC. Plaintiff alleges that during the trip back to NECC, he was forced to sit in a wheelchair with his legs shackled, which was extremely painful. Plaintiff also alleges that when he returned to NECC, the staff was unprepared to deal with the severity of his injury. For example, plaintiff says that the medical ward at NECC did not have the proper pain medicines or a wound vacuum.

Plaintiff alleges that he has not received proper treatment since returning to NECC, including not receiving adequate pain medication and being forced into uncomfortable positions. Plaintiff further alleges that Dr. Kalaputi informed him that

because of the delay in getting plaintiff initial treatment for his leg, he will suffer from future complications such as arthritis and the need for a complete hip replacement.

## Discussion

**A.   Dr. Keiper**

Plaintiff's allegations against Dr. Keiper survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.  As a result, the Court will order Dr. Keiper to respond to the complaint.

**B.   Jane Doe Nurses**

In general, fictitious parties may not be named as defendants in a civil action.  Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).

The Court finds that the allegations in the instant complaint are sufficiently specific to permit the identity of the nurses to be ascertained after reasonable discovery.  Additionally, the Court finds that plaintiff's allegations against defendant nurses survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.  However, there is not sufficient information before the Court to order the Clerk to issue process as to these

defendants. As a result, the Court will not order the Clerk to serve process on the Jane Doe defendants, nor will the Court order these defendants to respond to the complaint at this time. Plaintiff shall be given the opportunity to learn their identities through discovery.

**C.  Defendants Moore, Rice, and Crawford**

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Moore, Rice, and Crawford were directly involved in or personally responsible for the alleged violations of his constitutional rights. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Therefore, the Court concludes that the allegations against Moore, Rice, and Crawford do not survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $20.74 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case may be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Unknown Keiper (Doctor, Correctional Medical Services).

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Keiper shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Jim Moore, William Rice or Larry Crawford because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to the Jane Doe defendants at this time because their identities are unknown, and the Court will allow plaintiff the opportunity to learn their identities through discovery.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

So Ordered this 29th Day of January, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE