UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DOMENICO LUPO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 2:06CV68MLM |
|  | ) |  |
| JANE DOES et al, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendant Dr. Arthur Keiper. Doc. 9. Plaintiff filed a Response. Doc. 12.

## BACKGROUND

Plaintiff filed a Complaint alleging deliberate indifference to his serious medical needs in violation of 42 U.S.C. § 1983. Doc. 1. In particular, Plaintiff alleges in his Complaint that he did not receive proper treatment for a fractured pelvis and dislocated hip both prior to and after surgery and that as a result of the delay in his receiving medical treatment he will suffer from future complications. Plaintiff also alleges that he was not treated appropriately while he was being transported from the hospital after surgery to the Northeast Correctional Center ("NCC") and that he did not receive proper care and assistance from the Jane Doe nurses after his surgery upon his return to the NCC. Plaintiff named as Defendants Jane Doe nurses, Dr. Keiper, and various other officials of the Missouri Department of Corrections ("DOC"). Plaintiff attached to his Complaint copies of an Offender Grievance, an Informal Resolution Request, and an Offender Grievance appeal all of which alleged that Dr. Keiper misdiagnosed Plaintiff's injury.

By Order dated January 29, 2007, the Honorable Richard Webber dismissed Plaintiff's claims against the DOC officials for failure to state a claim. Doc. 4. The court also allowed Plaintiff to

proceed in regard to the Jane Doe nurses and allowed Plaintiff the opportunity to identify the nurses through discovery. Additionally, the court permitted Plaintiff to proceed against Dr. Keiper.

In the Motion to Dismiss Dr. Keiper alleges that Plaintiff's Complaint should be dismissed because he has failed to exhaust his administrative remedies in regard to all claims other than his claim that Dr. Keiper failed to properly diagnose him.

## LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). . A civil rights complaint falls short of meeting "the liberal standard for notice pleading" when it is "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability." Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995). "At the very least" a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." Id. at 671.

2

## DISCUSSION

A.  **Legal Framework:**

Under 42 U.S.C. § 1997e(a)[1] a prisoner may not bring a § 1983 action unless he has exhausted available administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002) (holding that exhaustion is mandatory). Moreover, when multiple prison-condition claims have been joined, § 1997e(a) requires exhaustion as to all claims. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). It is a plaintiff's burden to show that he has exhausted his administrative remedies. McAlpin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000). A plaintiff who fails to present evidence to the district court that he exhausted his administrative remedies in regard to the allegations of his cause of action pursuant to § 1983 fails to meet this burden. Id. For Missouri prisoners exhaustion requires filing an Informal Resolution Request ("IRR"), an Inmate Grievance, and an Inmate Grievance Appeal. Foulk v. Charrier, 262 F.3d 687, 694 (8th Cir. 2001).

The Supreme Court recently held in Jones v. Bock, 127 S.Ct. 910, 925-26 (2007), that a court should not dismiss all of a prisoner's claims when his exhaustion of remedies is incomplete. Where a prisoner has administratively exhausted some but not all of his claims, according to the Court in Jones, 127 St. Ct. at 925, the trial court should proceed with the exhausted claims and dismiss the unexhausted claims.

---

[1]   42 U.S.C. § 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

**B.    Discussion:**

In the matter under consideration Plaintiff has attached to his Complaint verification that he has exhausted his administrative remedies in regard to his claim that Dr. Keiper misdiagnosed him. Plaintiff's grievance, however, does not address allegations made in his Complaint that he was not treated appropriately while he was being transported from the hospital after surgery to the NCC and that he did not receive proper care and assistance after his surgery by the Jane Doe nurses upon his return to the NCC. Further, Plaintiff has not alleged or otherwise suggested that he has filed an IRR, a grievance, or a grievance appeal regarding his allegations of mistreatment following surgery. Under such circumstances, Plaintiff has not met his burden to show that he has exhausted his administrative remedies in regard to claims that he did not receive proper care and treatment after surgery including all claims against Jane Doe nurses. See McAlpin, 216 F.3d at 682. As such, the court finds that all allegations in Plaintiff's Complaint should be dismissed with the exception of the allegation that Dr. Keiper failed to properly diagnose Plaintiff's fractured pelvis and dislocated hip. See Jones, 127 S.Ct. at 925-26; Porter, 534 U.S. 516; Foulk, 262 F.3d at 694.

### CONCLUSION

For the reasons more fully set forth above the court finds that Plaintiff's Complaint should be dismissed in part and that the Jane Doe nurses should be dismissed as Defendants. Therefore, the only remaining allegation in this case is that Dr. Keiper failed to properly diagnose Plaintiff's fractured pelvis and dislocated hip.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant Dr. Arthur Keiper is **GRANTED**. Doc. 9.

4

**IT IS FURTHER ORDERED** that the only Defendant remaining in this case is Dr. Keiper and the only issue remaining is the allegation in the Complaint that Dr. Arthur Keiper misdiagnosed Plaintiff.

/s/ Stephen N. Limbaugh
STEPHEN N. LIMBAUGH
UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2007.